**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF**
**ARKANSAS**
**TEXARKANA DIVISION**

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JUL 1 0 2012

CHRIS R. JOHNSON, CLERK

BY                          CK
                    DEPUTY CLERK

| | |
|---|---|
| **Beijing Zhongyi ZhongBiao Electronic Information Technology Co. Ltd.,** §§§§§§§§§§§§ | |
| *Plaintiff,* | |
| v. | Civil Action No. _12-4077_ |
| **Microsoft Corporation and Wal-Mart Stores, Inc.** | Jury Trial Demanded |
| *Defendants.* | |

## ORIGINAL COMPLAINT FOR PERMANENT INJUNCTION AND

## FOR COPYRIGHT INFRINGEMENT

COMES NOW Plaintiff Beijing Zhongyi ZhongBiao Electronic Information Technology Co. Ltd., ("Zhongyi" or "Plaintiff"), and files this Original Complaint against Defendants Microsoft Corporation ("Microsoft") and Wal-Mart Stores, Inc. ("Wal-Mart") (collectively "Defendants"), and alleges as follows:

### I. NATURE OF THE SUIT

1.	This is a claim for permanent injunction to enforce a final judgment previously entered against Microsoft, and a claim against Defendants for copyright infringement of one or more registered copyrighted works arising under the Federal Copyright Act of 1976, as amended, 17 U.S.C.A. §§ 101, *et seq.*

2.	Plaintiff is the owner of certain copyrights related to TrueType fonts with the typefaces Song and Hei, consisting of tens of thousands of works used to depict Chinese characters in computers. These works were copied by Defendants and distributed in various Microsoft Windows™ operating systems and in related derivative works.

3.	Microsoft has litigated and lost a case in November 2009 for copyright infringement in The People's Republic of China, Beijing 1st Intermediate People's Court. The Court held that Plaintiff's fonts were protected by copyright and that Microsoft has used and is using the copyrighted fonts in various operating systems without license to do so. The Chinese court ordered Microsoft to immediately stop manufacturing and selling any operating system that used infringed plaintiff's fonts other than Windows® 95.

4.	Microsoft has refused to comply with the injunction of the Chinese court and continued to infringe the plaintiff's copyrights

5.	Wal-Mart is selling computers and operating systems that use the copyright infringing fonts.

### II. JURISDICTION AND VENUE

6.	This action arises under the copyright laws of the United States, Title 17 of the United States Code. The Court's jurisdiction over this action is proper under the above

---

statutes, including 17 U.S.C. § 101, *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction) and § 1338 (jurisdiction over copyright actions).   The Court also has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because the suit is between citizens of a state and a citizen of a foreign state and the amount in controversy exceeds $75,000, excluding interest and costs.

7.   Personal jurisdiction exists generally over Defendants pursuant to 28 U.S.C. § 1391 because they have sufficient minimum contacts within the forum as a result of business conducted within the State of Arkansas and within this District.   Personal jurisdiction also exists specifically over Defendants because of Defendants' conduct in reproducing, adapting, distributing, performing, and displaying, directly and/or indirectly, works of authorship created and owned by Plaintiffs and/or derivative works based on Plaintiffs' copyrighted works within the State of Arkansas and within this District.   Finally, defendant Wal-Mart is domiciled in this district.

8.   Venue is proper in this Court under 28 U.S.C. § 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(a), for the reasons set forth above.   Venue is proper because Defendants actively marketed the infringing works within this District.   Venue is also proper because the copyrighted materials are physically located within this District.   Each act of Defendants' directly or indirectly infringing conduct in this District gives rise to proper venue.

### III. THE PARTIES

#### Plaintiff:

9.   Plaintiff **Beijing Zhongyi ZhongBiao Electronic Information Technology Co. Ltd.** ("Zhongyi" or "Plaintiff") is domiciled in Technology Park, Chao Qian Rd 9-2124, ChangPing District, Peijing, PRC.   Plaintiff created and owns the copyrights that are the subject of this lawsuit, and was the prevailing party over Microsoft in the previous litigation in China.

10.   Defendant **Microsoft Corporation is** domiciled at Microsoft Way, Redmond, Washington ("Microsoft").   It may be served via its registered agent, PTSGE Corp. 925 Fourth Avenue, Suite 2900, Seattle, WA 98104-1158.

11.   Defendant **Wal-Mart Stores, Inc.**   ("Wal-Mart") is domiciled at 702 S.W. 8th Street, Bentonville, Arkansas 72716.   It may be served via its registered agent, The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201.

## IV. FACTS COMMON TO ALL CLAIMS FOR RELIEF

### Microsoft's need for Chinese characters.

12. Computer users sometimes must process Chinese characters. Microsoft's operating systems incorporate Chinese character font libraries to accomplish this purpose.

13. Chinese character font libraries are Chinese language technical products. They are composed of tens of thousands of Chinese characters, and are used by computers to display, print and process Chinese characters.

### Chinese regulation of Chinese characters.

14. In 1993 The China State Bureau of Technical Supervision ("CSBTS") issued the "GB13000.1-93 State Standards the Universal Multiple-Octet Coded Character Set" that contained over 20,000 Chinese character fonts and their code. Thereafter, the Department of Standardization and the Department of Supervision of Science, Technology and Quality issued the GBK Chinese Internal Code Specification that was compatible with the former GB2312-80 code. Together, the specifications are referred to as GB13000.1/GBK.

### Plaintiff's intellectual property.

15. Zhongyi designed, developed, produced, and holds the intellectual propriety rights to the TrueType Song and Hei fonts (sometimes referred to as "Zhongyi fonts" or "ZYfonts"), which conform to GB13000.1/GBK. Zhongyi's ZYfonts are beautiful, unique characters and symbols that were developed by Zhongyi based on creative design of strokes and structure of each character. There are 20,902 characters in Song font and 20,902 characters in Hei font for a total of 41,804 characters. Zhongyi has a copyright, in the United States and the PRC, to each character and symbol as artwork or computer program. The property of ZYfont files in Windows is explicitly marked (C) Copyright Zhongyi Electronic Co.1995.

16. Each character in Zhongyi's ZYfonts was constituted by a series of code instructions to draw the unique art shape by moving points, lines and curves. These instructions were converted by font interpretation software to an executable sequence of commands to display or print out corresponding characters.

17. ZYfonts is protected by China's Copyright Law, U.S's Copyright Law and relevant international conventions and treaties. In total, the Song and Hei fonts comprise approximately

41,804 separate copyrighted works.

## Use of the Zhongyi Character Font Library by Microsoft.

18.    Prior to its Microsoft's Windows® operating systems, computers used a DOS operating system.   In 1994, Microsoft began to sell Windows® 95, which was the second window-based operating system.[1]

## The License Agreements

19.    Microsoft elected to license the fonts from eligible partners who may offer qualified products.   Referring to the December 4, 1994 Memorandum of Understanding for Chinese Windows 95 Project ("MOU") and the September 20, 1995 Microsoft Windows ™ 95 for Chinese Project Agreement on Specification and Standards Supplemental MOU ("Supplemental MOU"), and the nomination of Zhongyi by Ministry of Electronic Industry (MEI) as one of acceptable development partners, Microsoft compared products from different partners and decided to elect ZYfonts because of its best quality. Microsoft, the China Committee on Information Technology Standards (CITS) and Zhongyi entered into a Font License Agreement on November 10, 1995. All above agreements explicitly stated that the license granted to Microsoft was only used for the project of Windows 95 Chinese language software to be released in People's Republic of China.

## The Beijing Lawsuit

20.    The licenses granted Microsoft the right to use the GB13000.1 TrueType SunTi and HeiTi fonts only in Windows® 95 Chinese version.   However, Microsoft made, used and sold other operating systems that contained those fonts, including but not limited to Windows® 98, Windows® 2000, Windows® XP, and Windows® 2003.

21.    Plaintiff wrote to Microsoft on December 1st, 2006 to demand that Microsoft immediately stop selling any Windows operating systems which infringed Plaintiff's copyrights. Plaintiff also sent an email on February 7, 2007 to Bill Gates, the CEO of Microsoft at that time, requesting that Microsoft stop the infringement. Gates replied that he had assigned an in-house counsel to handle the case.

---

[1]    The first Windows operating system was Windows 3.1/3.2.

22.   Plaintiff sued Microsoft in The People's Republic of China, Beijing 1st Intermediate People's Court on or about April 24, 2007 ("Beijing Court").   Plaintiff asked the Court to determine that Microsoft had infringed Zhongyi's copyright rights, and to order that Microsoft immediately stop selling its non-Windows® 95 operating systems.   Plaintiff did not seek money damages.

23.   Microsoft appeared and was represented by counsel.   Microsoft contended that the license agreements were not limited to Windows® 95, but also licensed subsequent operating systems and all other Microsoft products.

24.   Hearings were held on January 15, February 26 and May 29, 2008.   The Beijing Court's holdings included the following:

a. that Plaintiff was the proper party to assert the claims,

b. that Plaintiff's ZYfonts were protected by copyright[2],

c. that Microsoft used the ZYfonts in each of its operating systems,

d. that Microsoft's use of ZYfonts in anything other than Windows® 95 was not licensed,[3] and

---

[2]   The court stated:   "Art works designated to painting, calligraphy, sculpture and others which is constituted by lines, colors or other ways formed as aesthetic significance of plane or three-dimensional shape of works of art.   In order to standardize Chinese characters, China have enacted national standards GB13000 and other standards to unify the basic glyphs, stroke of characters.   On the basis of national standards, each font vendor is able to create each Chinese character based on their own aesthetic to reflect the originality of the author.   Every character and symbols in ZYfonts was created independently and formed with unique style, shape and structural characteristics based on the national standard.   In addition, due to ZYfonts also used for printing purpose, which requires not only each character and symbol is beautiful, but also requires the combination of any character and symbol is unified and beautiful, and thus requires repeated permutations, combinations, and constantly revise and improve the inter-frame structure of character shapes to meet the printing requirements during the design of the computer font, and the designer must pay the original labor during the process.   Therefore, each character and symbols in ZYfonts has originality and belongs to the aesthetic calligraphy work in constituted of lines, which meet the constituted element of artworks in the Copyright Law.   Therefore, the court upholds the claim of plaintiff that each character and symbols in ZYfonts is an artwork."   Additionally, "certain coordinate data or functions for the algorithm in the font are corresponding to certain shape of character, which is the two expressions of same object, which should be protected as one work based on the Copyright Law."

[3]   The court held that because the ZYfont license agreement was subject to the approval by the Chinese government to authorize the licensing of the subject matter of the contract, the relevant content of the MOU must be taken into consideration.   All of the text of the MOU and its appendices were aimed at the

---

e. Plaintiff's action was not barred by limitations.

25.   Microsoft was ordered to immediately stop manufacturing and selling any operating system that used ZYfonts other than Windows® 95.

26.   The Beijing Court's Judgment is a valid judgment rendered in a foreign nation after a fair trial in a contested proceeding, and is to be recognized in the United States so far as the immediate parties and the underlying cause of action are concerned.[4]

27.   The Beijing Court ordered that as of November 16, 2009, Microsoft Corporation shall immediately stop manufacture and sale of all Windows® operating systems, other than Windows® 95, which used the Zhongyi GB13000.1/GBK Song and Hei fonts.   This order specifically included

Microsoft Windows® 98 Second Edition (Chinese version),

Microsoft Windows®   2000 Professional Edition,

Microsoft Windows®   XP Home Edition in Chinese,

Microsoft Windows®   XP Professional Edition in Chinese,

Microsoft Windows®   XP (Home Edition),

Microsoft Windows®   XP (Professional),

Microsoft Windows®   Server 2003 R2 Standard Edition in Chinese, and

Microsoft Windows®   Server 2003 (Standard Edition).

28.   Microsoft has not complied with the order of the Beijing Court.   Upon information and belief, Microsoft is still manufacturing, selling and supporting operating systems (other than Windows® 95) that contain the ZYFonts, and Microsoft is intentionally, knowingly and willfully infringing plaintiff's copyrights.

---

Chinese version of Windows® 95, as was the font license agreement.   The court held that the references to "any other Microsoft products" meant that other Microsoft application software, such as Microsoft Office and Microsoft Word, which existed simultaneously with Windows® 95, were licensed, but not other operating systems after Windows® 95.

[4]    RESTATEMENT, CONFLICT OF LAWS 2d, §98.

## Permanent Injunction

29.   Plaintiff incorporates the factual allegations in paragraphs 1 through 28 above.

30.   Plaintiff asks the court to issue a permanent injunction against defendants to immediately stop manufacturing, selling and supporting all operating systems that use ZYFonts other than Windows® 95.

## Copyright Infringement

31.   Plaintiff incorporates the factual allegations in paragraphs 1 through 28 above.

32.   This cause of action asserts infringement of copyrights owned by and registered to Plaintiff.

33.   All conditions precedent have been performed or have occurred.

34.   Plaintiff complied in all respects with the Copyright Act, 17 U.S.C. §101 et seq., and with all other laws governing copyrights.   Plaintiff' predecessor received from the Register of Copyrights certificates of registration, dated and identified as follows:

.        Registration   Number   TX   6-907-193,   "Zhongyi   GB13000.1(GBK) TrueType SongTi Version 1994, dated November 27, 2008;

.        Registration   Number   TX   6-906-347,   "Zhongyi   GB13000.1(GBK) TrueType HeiTi Version 1994, dated November 27, 2008.

35.   Plaintiff's ZyFonts are protected by Chinese copyright law, as held by the Beijing Court.

36.   Plaintiff is the successor to all rights, title, and interest in and to the copyrights.

37.   Since at least November 27, 2008, Microsoft infringed plaintiff's copyrights by publishing, placing on the market, and allowing to remain in use its Windows® operating systems, other than Windows® 95, which included plaintiff's copyrighted material, including at least the following:

Microsoft Windows®   98 Second Edition (Chinese version),

Microsoft Windows®   2000 Professional Edition,

Microsoft Windows®   XP Home Edition in Chinese,

> Microsoft Windows®   XP Professional Edition in Chinese,
>
> Microsoft Windows®   XP (Home Edition),
>
> Microsoft Windows®   XP (Professional),
>
> Microsoft Windows®   Server 2003 R2 Standard Edition in Chinese,
>
> Microsoft Windows®   Server 2003 (Standard Edition).

38.   Microsoft willfully infringed plaintiff's copyrighted work. Since at least November 16, 2009, the date of the Beijing Court's decision, Microsoft has been consciously aware and informed that plaintiff was the owner of the copyrighted material and that Microsoft was infringing plaintiff's copyrights.   Nevertheless, Microsoft has continued to make, use, publish, distribute and sell operating systems that infringed plaintiff's copyrights, and to allow previously sold operating systems to remain in use and for sale by others.

39.   Microsoft aided and abetted and supported infringement by others.   Even after losing in the Beijing Court case, Microsoft has allowed the infringing operating systems to remain on the market, remain in use and for sale, and has done nothing to recall the infringing operating systems or to notify users that their operating systems infringe the plaintiff's copyrights. Instead, Microsoft actively provided support services to the users of the infringing Windows products, in an effort to maintain its customer base and derive profits from the support services and sale of other Microsoft products, including but not limited to newer versions of Microsoft Windows and Microsoft Office products. Thus, Microsoft, with the knowledge of the direct infringement, is liable for contributory infringement.

40.   Microsoft profited from its infringement by selling and licensing the infringing products.

41.   Microsoft also profited from its infringement by supporting the infringing products and thus enabling it to sell products and services to the users of infringing products.

42.   Since at least November 27, 2008, Wal-Mart infringed plaintiff's copyrights by placing on the market, selling, and allowing to remain in use, Microsoft's Windows® operating systems other than Windows® 95, that included plaintiff's copyrighted material, including at least the following:

Microsoft Windows®   XP (Home Edition), and

Microsoft Windows®   XP (Professional).

43.   Additionally, upon information and belief, Wal-Mart offers for sale and sells computers that contain the infringing Microsoft operating systems.

44.   By all Defendants' participation in the production, distribution, use, and/or exploitation of the Zhongyi copyright works, Defendants knowingly and willfully infringed, authorized others to infringe, and will continue to infringe Plaintiffs' copyrights in the ZYfonts.

45.   As a proximate result of Defendants' copyright infringement, Plaintiff has suffered and will continue to suffer irreparable injury, some of which cannot be compensated in money damages if such wrongful conduct continues.

46.   The Defendants' actions were performed with actual and constructive knowledge of Plaintiffs' rights and interests.

47.   Defendants are jointly and severally liable for contributory copyright infringement.

48.   Defendants have realized direct and indirect profits from infringing plaintiff's copyrights.

49.   Plaintiff is entitled to recover from Defendants the damages it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts of infringement alleged above, be they direct or indirect.

## VI. DAMAGES ON ALL CLAIMS FOR RELIEF

50.   Plaintiffs are entitled to and pray for relief on all claims as follows:

51.   A permanent injunction, pursuant to 17 U.S.C. § 502, enjoining all Defendants, their officers, agents, employees, licensees, assigns, distributors, sub-distributors, and all persons acting in concert with them, from engaging in such further violations of the Copyright Act;

52.   Impounding and destruction of all infringing articles, pursuant to §503 of the Copyright Act;

53.   Recovery from each Defendants of the actual damages, including pre-judgment interest plaintiff sustained and will sustain, and any income, gains, profits, and advantages obtained by Defendants as a result of their wrongful acts alleged herein pursuant to 17 U.S.C. § 504, in an amount that cannot yet be fully ascertained, but that shall be assessed at the time of trial;

54. The profits of the defendants that are attributable to the infringement, pursuant to §504(b) of the Copyright Act;

55. Plaintiffs' attorneys' fees and full costs pursuant to 17 U.S.C. § 505; and

56. For such other and further relief and remedies available under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, and/or for which the Court may deem just and proper, including punitive damages.

## PRAYER

57. For these reasons, plaintiff asks for judgment against defendants for the following:
    a. That Defendants, and each of them, be held liable for infringement of Plaintiff's copyrights in violation of the federal Copyright Act, 17 U.S.C. § 501 et seq., as alleged herein;
    b. That Plaintiff be awarded damages as a result of Defendants' acts of copyright infringement;
    c. That Plaintiff recover any direct or indirect profits of Defendants that are attributable to the infringement of Plaintiff's copyrights;
    d. Defendants pay plaintiff prejudgment and postjudgment interest, as authorized by law.
    e. Defendants pay plaintiff reasonable attorneys' fees and costs of court.
    f. Defendants and their agents and representatives be enjoined during and after this suit from infringing plaintiff's copyrights in any manner and from publishing, selling, marketing, distributing, supporting or otherwise disposing of any copies of the operating systems, other than Windows® 95, that contain the ZYfonts.
    g. Defendants notify all persons who have purchased operating systems that contain the ZYfonts (other than Windows® 95) that they must cease using those operating systems immediately;
    h. Deliver to be impounded all operating systems (other than Windows® 95) that contain the ZYfonts and that are in the possession or subject to control of the defendants;
    i. Defendants pay plaintiff additional damages for willfully infringing plaintiff's copyright, as authorized by 17 U.S.C. §504(c)(2).
    j. Plaintiff has all other relief that court deems appropriate.

## JURY TRIAL DEMAND

58. Plaintiff hereby requests a trial by jury on each claim for relief alleged in this Complaint.

Dated: *7-10-12*

Respectfully submitted,

By: *James M. Pratt, Jr.*

James M. Pratt, Jr.
Arkansas Bar Number 74124
**JAMES M. PRATT, JR.**
144 Washington St., Northwest
Camden, Arkansas 71701
Telephone: (870) 836-7328
Facsimile: (870) 870-837-2405

MCCLANAHAN · MYERS · ESPEY, L.L.P.
Randy J. McClanahan, Co-Lead Counsel
Michael D. Myers,
Robert H. Espey, II
3355 West Alabama, Suite 210
Houston, Texas 77098
Telephone:(713) 223-2005
Facsimile: (713) 223-3664

NIX PATTERSON & ROACH, L.L.P.
Michael Angelovich, Co-Lead Counsel
3600 N. Capital of Texas
Highway, Suite 350,
Austin, TX 78746
Phone: (512) 328-5333
Fax:   (512)328-5335

KEIL & GOODSON, P.A.
John C. Goodson
Matt Keil
406 Walnut Street
Texarkana, AR 71854
Tel: (870) 772-4113
Fax (870) 773-2967